Jones, J.
This is an action in prohibition. The relator contends that the proceedings in the probate court, including the release executed by the dependent, were, in effect, a waiver of compensation, and that thereby the industrial commission was deprived of jurisdiction to hear and determine her application therefor.
Section 10772, General Code, provides that in actions for wrongful death a personal representative, with the consent of the court appointing him, “may, at any time, before or after the commencement of the suit, settle with the defendant the amount to be paid.” Acting under the authority of this section the personal representative secured the approval of the probate court to make the settlement in question. Did this proceeding, including her subsequent release, bar the dependent from seeking later an adjustment of her compensation at the hands of the commission? Upon the solution of this question depends our judgment in the instant case, and in its solution recourse must be had to the various provisions of the workmen’s compensation law.
The Trumbull Steel Company was a self-insurer. Section 1465-74, General Code, provides that the dependent of an employe may file his application for compensation in accordance with the terms of the act, and that the board may hear and determine such application in like manner as in other claims. This phase of the law, the right of the dependent to make the application, is conceded. But it is claimed by the relator that this right is denied where the personal representative of the deceased has instituted proceedings in the probate court seeking that court’s consent to the settlement of damages under Section *86 10772, General Code, and that where he has so done the dependent is deemed to have exercised her option to sne and thereby waived her right to' compensation under Section 1465-76, General Code, under the provisions of which an employer is not liable to suit for injury by his employe or his legal representative in case death results unless the injury has arisen from a wilful act, or from a failure to comply with a lawful requirement for his protection and safety. In sueh event the employe, or his legal representative, may have the option either of claiming compensation under the act or instituting proceedings for damage on account of sueh injury. The section then provides as follows: “Every employe, or his legal representative in case death results, who exercises his option to institute proceedings in court, as provided in this section, waives his right to any award, or direct payment of compensation from his employer under section 22 hereof, as provided in this act.”
Thus far it will be observed that the workmen’s compensation law has given a statutory right to. this dependent to file an application for an award. It has also given her the option either to claim compensation or institute proceedings for damage caused as above stated. Under the last-quoted provision of Section 1465-76, General Code, the employe or his legal representative waives his right to award only if he has exercised his option “to institute proceedings in court, as provided in this section.” The proceeding provided in that section clearly embraces a suit authorized to be brought for injury arising from a wilful act or failure to comply with a lawful re *87 quirement. The dependent’s right of waiver cannot possibly apply to proceedings in the probate court, as such are not proceedings for “damage on account of such injury.” Therefore, the statute having given the right to file an application for compensation, that right continues to exist until the waiver is exercised by the institution of proceedings in a court of competent jurisdiction for damages, as provided in Section 1465-76, General Code. Had a suit for damages been instituted under the provisions of that section, undoubtedly Section 10772, General Code, would there apply. This is conceded in argument. Since the latter section provides that such settlement may be approved at any time before the commencement of the suit it is intimated that this clause has been repealed by implication, but it is only necessary to hold- that the clause is inoperative here. It may still apply to all cases where the employer or industry is not covered by the workmen’s compensation law.
The general policy of the workmen’s compensation law is to provide compensation for injuries, not self-inflicted, sustained in the course of employment. It nullifies the old order and provides a scheme wherein negligence and contributory negligence are no longer factors affecting compensation. The employer is protected from devious attempts to emasculate the law by bringing common-law actions against him, instituted openly or under various guises, while the dependents are protected from unreasonable or unconscionable private- settlement. Obviously, this was the purpose of the law, and to effectuate that purpose the industrial commission has *88 adopted rules requiring such settlement to be filed with it for its approval, “in the event injury results in the death, of an employe. ’ ’
In this case there was no waiver of the right to claim compensation, notwithstanding the proceedings in the probate court and the release executed by the dependent. No doubt when the question comes up for consideration before the commission that body in its determination of sole or partial dependence will give full consideration to the amount paid by The Trumbull Steel Company to the administrator.
The demurrer to the reply will be sustained and the writ asked for denied.
Writ denied.
Marshall, C. J., Hough, Wanamaker, Robinson and Matthias, JJ., concur.
Clark, J., took no part in the consideration or decision of the case.